ROBINSON *v.* ALABAMA & G. MANUF'G CO.

*(Circuit Court, N. D. Georgia.   July 6, 1891.)*

1. TRUST-DEED—FORECLOSURE—NOTICE.
   A trust-deed made by a manufacturing corporation to secure its bonds empowered the trustees, on default of interest payments, to sell the property, "if, after notice is served on the president of said company, the same shall remain unpaid for six months after such default." *Held,* that when the trustees sued to foreclose, instead of selling under the power, it was unnecessary to aver the giving of notice of default to the defendant.

2. SAME—SINGLE TRUSTEE'S RIGHT TO SUE—PLEADING.
   One of three trustees in a trust-deed is entitled to sue alone for foreclosure when he avers that one of the others is dead, and that the remaining one, at a sale of the property under a decree of a state court, claimed to be interested in the purchase thereof, and "is interested adversely to your orator as trustee of said bondholders."

In Equity.   Suit by J. J. Robinson, trustee, to foreclose a trust-deed given by the Alabama & Georgia Manufacturing Company to secure certain bonds.   On demurrer to bill.

*Abbott & Smith,* for complainants.

*N. J. & T. A. Hammond,* for respondents.

Before LAMAR, Justice, and NEWMAN, J.

PER CURIAM.   There are five grounds for demurrer, and for convenience we consider them in inverse order.   The first ground thus considered is that "said complainant does not aver when default in the payment of interest on said bonds, or any of them, was made known to the trustees, or either of them, nor that any notice thereof has been served on the president of the said Alabama & Georgia Manufacturing Company, both of which are conditions precedent to the exercise of authority and duty, by said mortgage conferred on said trustees or a majority of them."   The language of the trust-deed, so far as applicable to this ground of demurrer, is as follows :

"In order, and in the fullest manner, to provide for the payment of bonds aforesaid, and the interest thereon, at the time and place when and where the same shall respectively fall due and be payable, the said J. G. Robinson, W. C. Yancey, and W. T. Huguley, or a majority of their survivors or successors, are hereby authorized and empowered, should default be made in the payment of said bonds when they fall due, or in the payment of the interest on said bonds as it shall accrue, they, immediately on such default, being made known by the holder or holders of the coupons attached thereto, and if, after notice is served upon the president of said compa..., the same

shall remain unpaid for *six months after such default* shall have been made in the payment of said interest or principal, as the case may be, and at the request of any one or more of the holders of said bonds or coupons, and without any other or further authority from the said Alabama & Georgia Manufacturing Company, upon giving 60 days' notice of the time and place of the sale, together with a description of the property, in a newspaper published in Atlanta, La Grange, and West Point, Ga., to proceed to sell at public auction," etc.

——Then providing for the manner of sale, and the application of the proceeds. After alleging default in the payment of the coupons due July, 1890, and January, 1891, and that more than six months had elapsed since the July coupons fell due, and that they still remain unpaid, and that no money was on deposit at the place of payment at the time the said July coupons fell due, and none deposited within six months thereafter, and that all or nearly all of said July coupons remained unpaid, as orator is informed by the holders thereof, the bill proceeds :

"Orator has been notified since the expiration of the six months after the said July coupons fell due, by a majority of seven bondholders in amount, of their election to treat the whole of said principal sum named in the bonds as due under the provisions of said bonds; and orator has been requested to begin proceedings to secure the property pledged for the payment of said indebtedness; and he deems it to the best interest of the holders of said bonds that he should do so."

It will be seen that even if this provision applies in a case where foreclosure proceedings in the court are instituted, instead of the trustees proceeding to advertise and sell as authorized by the trust-deed, the allegation that is lacking is that notice was served upon the president of the company. If the trustee was proceeding to sell the property himself under the authority of the trust-deed, a strict compliance with this provision might be demanded; but, inasmuch as he is proceeding in the courts, asking for a decree of foreclosure, we are of the opinion that the allegation of notice to the president is unnecessary. It is alleged that the Alabama & Georgia Manufacturing Company has ceased to do business and keep an office in West Point, Ga., or elsewhere, for the transaction of business, and that the property covered by the trustees has been sold under the decree of the state court, and bought by parties who, having organized the Huguley Manufacturing Company, are now in possession of the same. It might be argued, if it were necessary so to do, that this condition of affairs would dispense with the allegation of notice to the president, even if it were otherwise necessary; but, in view of the opinion expressed above, further discussion of it is unnecessary.

The other grounds of demurrer may, we think, be considered together; and they are, substantially, that J. J. Robinson, who alone brings this bill, is unauthorized to sue alone. The allegation of the bill is that Yancey, one of the trustees, is dead, and this, it is conceded, disposes of the matter so far as he is concerned. The further allegation is that said W. T. Huguley, defendant herein, and named as one of the trustees for said bondholders, claimed, at the time of said sale, to be interested in the purchase of said property, and now claims also to be interested in

the property and assets of "said Huguley Manufacturing Company. He is interested adversely to your orator as trustee of said bondholders." The sale referred to is the sale under the decree of the state court, before mentioned. While it appears, it is true, from the bill, that the property was sold under the decree of the state court, subject to this trust-deed, it nevertheless, we think, appears from the foregoing allegations that Huguley's interest is adverse to that of the bondholders, and consequently to show his incapacity as a party complainant. It might certainly have been alleged with more definiteness, but, conceding the statements to be true, as the demurrer does, we think his adverse interest sufficiently appears. It may be mentioned that the trust-deed is signed by W. T. Huguley as vice-president and secretary of the Alabama & Georgia Manufacturing Company, so that it would seem that his interest has been adverse to that of the trust created by the deed from the beginning. We think the demurrer should be overruled upon all the grounds contained therein, and it is so ordered.